## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIANNE GRILLOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4004 |
| ) | |
| SMITH SQUARE and DAVID THOMPSON, ) | |
| ) | |
| Defendants. ) | |

### O R D E R

This matter is now before the Court on a Motion to Dismiss by Defendant David Thompson ("Thompson"). For the reasons set forth below, Thompson's Motion to Dismiss [#10] is GRANTED.

### BACKGROUND

On January 26, 2007, Plaintiff, Adrianne Grillot ("Grillot"), filed this action alleging that her employer, Smith Square, discriminated against her on the basis of her pregnancy in violation of Title VII, 42 U.S.C. § 2000e et seq. Specifically, she challenges her termination on October 27, 2004. Thompson, who was Smith Square's manager, was also named as a Defendant.

Defendant Thompson has now moved to dismiss the Complaint. Plaintiff has failed to file any response to the Motion, and this Order follows.

### DISCUSSION

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a

complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff.  *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

On May 31, 2007, Defendant Thompson filed his Motion to Dismiss, and Little's response was due on June 18, 2007.  That same day, Plaintiff was sent a Notice from the Court informing her that a case-dispositive motion had been filed and advising that she had 14 days from the date of filing to respond.  The Notice also warned her that if she failed to respond, the motion would be deemed uncontested and granted, and the case could be terminated without a trial.

To date, this deadline has long since passed, and Plaintiff has made no attempt to file a proper response to the Motion or request an extension of time in which to do so.  As Plaintiff has been duly warned of the consequences of her failure to file a timely response, the Court deems the Motion to Dismiss unopposed pursuant to Local Rule 7.1(B) and now finds that the Motion will be granted.  Granting the Motion is particularly appropriate in light of the well-settled law establishing that individuals cannot be held personally liable under Title VII.  Thompson is hereby dismissed as a party defendant in this action.

## **CONCLUSION**

For the reasons set forth above, Thompson's Motion to Dismiss [#10] is GRANTED, and he is terminated as a party to this litigation. The remainder of this matter is referred to Magistrate Judge Gorman for further proceedings.

ENTERED this 31st day of July, 2007.

                                              s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge